Justice WILLETT,
joined by Justice LEHRMANN, dissenting.
For the reasons explained in my separate writing in In re Allcat Claims Service, L.P.,[1] I believe the Court lacks exclusive original mandamus jurisdiction in taxpayers’ constitutional challenges like this. In my view, the Court has stretched our mandamus jurisprudence beyond its constitutional and prudential limits. I would reaffirm those purposeful curbs on judicial power, not redefine them.
Mandamus is not a jurisdictional talisman to conjure instant Supreme Court review. As a constitutional matter, we cannot exercise original jurisdiction that the Constitution does not permit; as a statutory matter, the Tax Code disallows taxpayer suits like this; and as a prudential matter, deciding whether a statute is constitutional is simply not the stuff of mandamus.
All in all, because I believe the Court has disregarded settled doctrines to remake the mandamus remedy into something more ordinary than extraordinary, I respectfully dissent.

. 356 S.W.3d 455, 474-93 (Tex.2011).